### J. F. BUTTS v. THE STATE.

No. 3063. Decided January 11, 1905.

**Personating Officer—Indictment—Proof—Variance.**

Where the indictment specifically alleges the name of the officer which was falsely assumed, and the proof only showed that defendant pretended to be the character of officer charged in the indictment but there was no proof that he assumed the specific name therein charged, the variance is fatal.

Appeal from the County Court of Tarrant. Tried below before Hon. Ed. S. Lauderdale.

Appeal from a conviction of falsely personating an officer; penalty, a fine of $50.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of personating an officer, under article 293, Penal Code, fined $50, and appeals. The only question presented for our consideration is, whether the allegations in the indictment are sufficiently proved. The indictment charges that appellant did unlawfully, wilfully and falsely assume and pretend to be sheriff of said county, in this, to wit: the said J. F. Butts did then and there assume and pretend to be J. Roll Johnson, and did then and there take upon himself to act as such officer," etc. The proof shows that appellant merely represented himself as sheriff. The arrest being made in Dallas County, it will be assumed that he represented himself to be sheriff of said county. The contention is that the indictment specifically alleges that he pretended to be J. Roll Johnson, and that the proof should show he made that representation. It was not necessary to have made the allegation in this wise, but having made it, it is a matter descriptive of an essential averment. That is, it is specifically alleged that he represented himself to be J. Roll Johnson, and the pleader having so charged the gravamen of the offense, he must prove it as alleged. Warrington v. State, 1 Texas Crim. App., 168; McAdams, 10 Texas Crim. App., 317; Moore v. State, 20 Texas Crim. App., 275; McLaurine v. State, 27 Texas Crim. App., 531; Nicholas v. State, 23 Texas Crim. App., 317. The proof fails to show that appellant represented himself as J. Roll Johnson, merely representing himself as the sheriff of Dallas County, although Johnson was the sheriff of Dallas County; still the specific allegation that he represented himself as J. Roll Johnson was not proven, consequently there was a variance.

We cannot consider the suggestion made in the motion for new trial as to the alleged error of the court striking out appellant's plea of former acquittal. The matter is not presented in such shape as to authorize a review of the question.

Because the State failed to prove the specific allegation in the indictment to the effect that appellant represented himself as J. Roll Johnson, the judgment is reversed and the cause remanded.

*Reversed and remanded.*