## Frank Walker v. The State.

No. 6094.    Decided April 13, 1921.

### 1.—Personating An Officer—Requested Charge—Definition of Officer.

Where the information alleged that the defendant falsely pretended to be an executive officer of the State of Texas by falsely pretending to be a deputy sheriff, and a constable and a deputy constable of said county, and

a policeman of the city named, the court should have submitted a requested charge that the proof must correspond with the pleading and is not met by proof that the defendant said he was an officer.

**2.—Same—Duty of An Officer—Amount of Proof.**

It is not necessary in order to warrant a conviction of one falsely pretending to be an officer, that the thing he did in such capacity must be only something which officer might legally do or be called upon to do.

Appeal from the County Court of Ellis. Tried below before the Honorable F. L. Wilson.

Appeal from a conviction of personating an officer; penalty, a fine of $500.

The opinion states the case.

*Clyde F. Winn,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Ellis County of falsely personating an officer, and his punishment fixed at a fine of $500.

The facts bearing upon the issue upon which this case is decided, are practically undisputed. Some one had entered and rummaged the house, of Mrs. Phillips. Later on the same day appellant went to said house, and asked permisison of Mrs. Phillips to look through and see if anything had been stolen. She told him that she had already carefully examined and that nothing had been taken. After remaining on the porch where the conversation took place, for a short time, appellant left the premises. Before he went away Mrs. Phillips asked him if he was an officer and he said yes.

The information charged appellant with falsely pretending to be an executive officer of the State of Texas, and of Ellis County, and of the city of Waxahachie: to-wit, by falsely pretending to be a deputy sheriff, and a constable and deputy constable of Ellis County, and a policeman of the city of Waxahachie; and that he went to the Phillips' house and demanded to be allowed to search same by right of being such officer.

Appellant asked a special charge that if the evidence failed to show that he had falsely pretended to be a deputy sheriff, or a constable, or deputy constable of Ellis County, or a policeman of the city of Waxahachie, he should be acquitted. This charge should have been given. The State's pleading must set out the pretense charged with sufficient particularity to enable the accused to know therefrom what office he is charged with assuming. This was done in the instant case, but was the allegation followed by proof which responded? Butts v. State, 47 Texas Crim. Rep., 494, 84 S. W. Rep., 586. We do not think an allegation that one falsely pretended to be a deputy sheriff, or constable, or policeman, is met by proof that he said he was an officer. This will

not do. There are officers of churches, corporations, lodges and other concerns besides State officers, and the unsupported statement that appellant said he was an officer, does not meet the legal requirement that the offense described in the information, and that described by witnesses, be identical; in other words A says to B "I am an officer." Should B then undertake to state on oath that A said he was a deputy sheriff of a particular county, no reasoning would be needed to make it plain that A said no such thing. So of the other descriptives, to-wit: constable, deputy constable and policeman.

Appellant's motives may have been sinister in going to the house in question; he may have been a confederate of the other entrant into same, but this would not justify his conviction on this charge. The requested charge should have been given, and unless there be more proof on another trial to meet the allegations set out in the complaint, a conviction could not stand.

We do not think it necessary in order to warrant a conviction of one falsely pretending to be an officer, that the thing he did in such capacity must be only something which such officer might legally do or be called upon to do. If one in fact falsely pretended to be any designated officer, and in such character do an act claiming same to be official, the law is violated, whether said act be or be not one which would be required of such officer, or be legal if done by him in a *bona-fide* official capacity. In the instant case if appellant had said that he was a deputy sheriff and wished to search the premises of Mrs. Phillips, and had proceeded with such search upon consent so given, we think a case would have been made out for falsely personating a deputy sheriff.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*