## J. M. REID v. THE STATE.

No. 17450. Delivered March 27, 1935.

The opinion states the case.

*David M. Weinstein* and *Frank D. Ivey,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for falsely personating an officer; penalty assessed at a fine of one hundred dollars.

The information charges that appellant did falsely assume and pretend to be a ministerial officer of the State, to-wit:

"* * * did so assume and pretend to be a certain officer from Dallas County, Texas, and showed an officer's badge in proof thereof, and did then and there take upon himself to act as such, in this, that he did then and there so falsely assuming and pretending to be such officer, take from the said Mr. John Irby a certain Oldsmobile Coach the same being a 1928 car. and being green in color, when in fact and in truth the said J. M. Reid was not such officer, and was not authorized by law to perform said acts."

The statute, Art. 429, P. C., reads as follows: "Whoever falsely assumes or pretends to be a judicial or executive officer of this State or justice of the peace, sheriff or deputy, constable, or any other judicial or ministerial officer of any county in this State; and takes upon himself to act as such, shall be confined in jail not exceeding six months or be fined not exceeding five hundred dollars."

If we understand the interpretation of the statute, it is to

the effect that the averment in the information is faulty in failing to designate the officer alleged to have been personated.

From the case of Walker v. State, 89 Texas Crim. Rep., 181, we take the following quotation: "The State's pleading must set out the pretense charged with sufficient particularity to enable the accused to know therefrom what office he is charged with assuming. This was done in the instant case, but was the allegation followed by proof which responded? Butts v. State, 47 Texas Crim. Rep., 494, 84 S. W., 586. We do not think an allegation that one falsely pretended to be a deputy sheriff, or constable, or policeman, is met by proof that he said he was an officer. This will not do. There are officers of churches, corporations, lodges and other concerns besides State officers, and the unsupported statement that appellant said he was an officer does not meet the legal requirement that the offense described in the information, and that described by witnesses, be identical; in other words, A says to B, 'I am an officer.' Should B then undertake to state on oath that A said he was a deputy sheriff of a particular county, no reasoning would be needed to make it plain that A said no such thing. So of the other descriptives, to-wit, constable, deputy constable, and policeman."

Because of the insufficiency of the complaint and information, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*