George Eloy BOYETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 35822.

Court of Criminal Appeals of Texas.

June 12, 1963.

David C. Baggett, of Hay, Kirk, Van Keuren & Baggett, Houston, for appellant.

Frank Briscoe, Dist. Atty., Daniel P. Ryan, Jr., and James I. Smith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is that of impersonating an officer; the punishment, sixty days' confinement in jail.

Miss Carole Ann Trumbo testified that the appellant contacted her by telephone on June 24, 1962. He identified himself as Richard Elliston, an officer of the Texas Department of Public Safety Driver's License Division, and told her that he had heard that she had had her driver's license suspended, and that he could get it back for her. The witness testified that when she asked what consideration he wanted for doing this, he replied that he was not too interested in money, and indicated that he would restore her license if she would have intercourse with him. Miss Trumbo broke off the conversation and asked him to call her back at a later time.

The next day, the witness related, she went to the Department of Public Safety and reported the incident. It was arranged that she would assent to the appellant's demands, should he call again, and would try to secure a meeting with him.

After several telephone calls, it was agreed that the appellant would get her license restored for $50 and "a piece," and a meeting was arranged. Officers were present and overheard the final telephone conversations and were in the house when the appellant arrived.

Miss Trumbo testified that the appellant came to her home around 4:00 o'clock, p. m., on Friday, July 13. She related that he knocked on the door and, when asked, replied that he was "Richard." He told her that he was not in uniform because he was on a "special detail." The arrangements were repeated, and he assured her that her license would be restored. They had started to the back of the house, when the officers made their presence known and arrested the appellant.

The appellant's confession was introduced into evidence, without objection, relating the entire transaction substantially as set forth above.

At the trial, the appellant did not take the stand nor did he offer any evidence in his behalf.

In his brief the appellant offers, when consolidated, four principal points for reversal. The first is that the State failed to make out a case under the statute. Article 429, V.A.P.C., provides:

> "Whoever falsely assumes or pretends to be a Judicial or Executive Officer of this State or Justice of the Peace, sheriff or deputy, constable or any other Judicial or ministerial officer of any county or a State Ranger in this State and takes upon himself to act as such shall be guilty of a misdemeanor and shall be confined in jail not exceeding six months or be fined not exceeding Five Hundred ($500.00) Dollars or by both such fine and imprisonment."

■ It is appellant's position that there are two elements to this offense—that is, that there must be (1) a false assumption or pretension, and (2) action as such officer ("takes upon himself to act as such.") Reliance is had upon Walker v. State, 89 Tex. Cr.R. 180, 229 S.W. 853, wherein we find the following:

> "In the instant case if appellant had said that he was a deputy sheriff, and wished to search the premises of Mrs. Phillips, *and had proceeded with such search* upon consent so given, we think a case would have been made out for falsely personating a deputy sheriff." (Emphasis, added) 229 S.W. 853, 854.

In construing a statute similar to our own (18 U.S.C.A. § 912) the federal courts have reached a similar conclusion that an overt act is necessary. United States v. Barrow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed 155; Bass v. United States (C.C.A. 5th Cir.,

1928) 25 F.2d 294; United States v. Lawson (D.C.Alaska, 1954) 125 F.Supp. 360.

Thus, the question is whether the State has shown sufficient facts to justify a conviction. What were the appellant's acts? (1) He telephoned Miss Trumbo and represented himself as an officer of the Department of Public Safety, with (2) the ability to restore her driver's license. (3) He told her that he had talked to someone "downtown" and that he thought she had a good chance to get her license back. (4) He agreed to get her license back for $50 and "a piece." (5) He came to her home to collect the consideration and (6) assured her that the license would be returned soon.

It is appellant's contention that these acts were part of the false representation and none was an "act as such" officer, as contemplated by the statute.

The acts he proposed to do did not have to be within the legal power of the office he purported to fill. Walker v. State, 89 Tex. Cr.R. 180, 229 S.W. 853. The statements to Miss Trumbo that he had talked to those "downtown" and was sure that he could get her license back, connected with his attempt to collect the agreed consideration, fully satisfied the statute.

■ The second point is that the trial court erred in sustaining the State's objection to a question propounded to the State's witness Officer Joe N. Thompson, on cross-examination. The record does not reveal what the answer would have been, and, thus, nothing is presented for review. Mays v. State, 165 Tex.Cr.R. 123, 304 S.W. 2d 118; White v. State, Tex.Cr.App., 362 S.W.2d 650; Skinner v. State, Tex.Cr.App., 364 S.W.2d 700; Jackson v. State, Tex.Cr. App., 365 S.W.2d 935.

■■ The third contention is that the evidence does not show that appellant was not a "Driver's License Patrolman," as he represented himself to be.

Officer Thompson, of the Texas Department of Public Safety Driver's License

Division, testified without objection that the appellant was not a "driver's license patrolman with the State of Texas," nor was he an "executive officer of the State of Texas." On cross-examination, he admitted that he had not seen the list of officers but had merely checked with his adjutant to determine if there was an employee by that name.

In his confession the appellant related:

> "I was at the Fire Station *were* I work when I made this call and the fire alarm went off and I had to answer it."

and that

> "The reason that I told Carole that I was a policeman is that I thought it would be easier to get a piece * *."

While the officer's statements concerning the list would be objectionable as hearsay, he did testify as a member of the department that to his knowledge the appellant was not an officer. This—taken with the appellant's statement that he worked in the fire department, and that he told Miss Trumbo he was a policeman in order to secure his purposes—is sufficient to discharge the State's burden to prove that the appellant was not in truth and in fact an officer.

■ The last contention advanced by the appellant is that the State failed to show that he held himself out to be a driver's license patrolman, as alleged in the information.

Yet, we find Miss Trumbo, testifying as to the arrest, answering—without objection—in the affirmative, the following question:

> " * * * at that time he pretended to be a drivers license patrolman for the State of Texas?"

Finding the evidence sufficient, and no reversible error appearing, the judgment is affirmed.