Clarese **STUDEVANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–89–00765–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 9, 1992.

Walter J. Pink, Charles Freeman, Calvin Hartman, for appellant.

Clarese Studevant, pro se.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Terry Wilson, Asst. Dist. Attys., Houston, for appellee.

Before WILSON, DUGGAN and MIRABAL, JJ.

OPINION

WILSON, Justice.

Appellant, Clarese Studevant, was charged with impersonating a public servant, namely an assistant attorney general, in violation of TEX.PENAL CODE ANN. § 37.11 (Vernon 1992). A jury found her guilty and assessed punishment at a fine of $500 probated for 30 days. Appellant pro se now appeals from this judgment primarily claiming insufficient evidence to sustain her conviction. We affirm.

Appellant was at one time employed as an assistant attorney general. On April 27, 1988, prior to the incident in question, her employment with the Attorney General's office was terminated.

Upon her termination, appellant began a private practice of law, and in that capacity she represented Shelton McWilliams. McWilliams had been accused of driving while intoxicated and possession of cocaine after he collided with a Houston police car.

On December 12, 1988, appellant went to the scene of the accident to investigate McWilliams' case.[1] Appellant visited the home of Lois Fluornoy, who lives three houses from the scene of the accident, seeking information. When appellant learned that Fluornoy had no knowledge of the accident, she gave Fluornoy a business card, which she had kept from her time of employment as an assistant attorney general, bearing her name with "assistant attorney general" printed below her name, and asked Fluornoy to give a message to Jesse Gonzales, who lived next door. Appellant did not mark out the words "assistant attorney general," nor did she indicate she was no longer with the Attorney Gen-

---

1. The record before us is considered in the light most favorable to the verdict as required by the applicable standard of review. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

eral's office. Appellant intended for Fluornoy to give the card to Gonzales.

After leaving Fluornoy's house, appellant went next door to Gonzales' house and left the same type of business card under his door since he was not home. As she was leaving the area, appellant saw Gonzales return home, so she went back to his house to discuss the accident. At this point in the record, the facts become disputed. Appellant testified that when she returned to Gonzales' house she did not identify herself to him as representing the Attorney General's office. According to Gonzales' testimony, however, appellant introduced herself as Clarese Studevant with the Attorney General's office. He further testified that appellant then told him she was investigating the accident because the police officer involved in the accident and McWilliams were both covered by the same insurance company and she was "having a hard time getting things figured out." At this time, Gonzales retrieved the card appellant had left earlier on his floor, which identified her as being with the Attorney General's office.

After discussing the accident with appellant and showing her the scene of the accident, Gonzales returned to his home, and while doing so he saw that the person involved in the accident, McWilliams, was in appellant's car. This observation led Gonzales to contact the Attorney General's office about the matter.

In response to Gonzales' call, Sergeant Ken Williamson with the Special Crimes Division of the District Attorney's office arranged to make a tape recording of Gonzales telephoning appellant. When Gonzales called appellant, she again identified herself as being with the Attorney General's office. Later in the phone conversation, appellant admitted to Gonzales for the first time that she was not with the Attorney General. Based on these misrepresentations appellant was arrested for impersonating an assistant attorney general.

It is difficult to determine from appellant's brief precisely how many grounds of error are advanced. In her brief's table of contents no points of error as such are

listed. Two apparent points of error appear in all capital letters under the heading of "argument." We construe the portions listed as appellant's points of error. They are as follows:

I. THE EVIDENCE PRESENTED WAS INSUFFICIENT TO PROVE THE COMPLAINT BEYOND A REASONABLE DOUBT and,

II. THE COURT IMPROPERLY DENIED DEFENDANT–APPELLANT'S MOTION FOR INSTRUCTED VERDICT AND MOTION TO SUPPRESS BASED ON THE EVIDENCE IN THE RECORD OF THE ALLEGED OFFENSE COMMITTED ON DECEMBER 12, 1988, AFTER THE STATE RESTED ITS CASE IN CHIEF.

Under point one, there are 11 "subpoints" listed A thru K. We construe five of the subpoints as relevant to insufficient evidence, and six as wholly unrelated. We address the essence of point of error I as complaining of insufficiency of the evidence to sustain the conviction and address it accordingly.

Under point two, there are five subpoints, one of which is relevant, and the others unrelated. We address the point as written without reference to the unrelated subpoints. *See Brooks v. State,* 642 S.W.2d 791, 793 (Tex.Crim.App.1982); Tex. R.App.P. 74(d), (f).

Appellant alleges in her first point of error that the evidence was insufficient to prove her guilt beyond a reasonable doubt. When reviewing a sufficiency challenge, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim. App.1988). In viewing the evidence in the light most favorable to the verdict, the reviewing court should resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State,* 767 S.W.2d 769, 776 (Tex.Crim.App.1989).

In the present case, there was a conflict in the testimony concerning whether appel-

lant had held herself out as an assistant attorney general in her dealings with Gonzales. Appellant testified that she never told Gonzales that she was with the Attorney General's office. Gonzales, however, stated that appellant told him she was with the Attorney General's office when she visited his home and again when he telephoned her. Additionally, appellant had left a business card, indicating she worked with the Attorney General, under Gonzales' door prior to her meeting him.

By viewing this evidence in a light most favorable to the verdict, it is apparent that the jury chose to believe Gonzales' testimony over the testimony of appellant. When there is conflicting testimony, as was the situation in this case, the jury may believe all, part, or none of any witness' testimony. *Smith v. State*, 789 S.W.2d 419, 420 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Thus, the jury was free to believe Gonzales' testimony concerning appellant's misrepresentations regarding her employment, while disregarding her testimony. Consequently, when viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that appellant held herself out to Gonzales as an assistant attorney general. We hold the evidence was sufficient to support the verdict, and deny appellant's first point of error.

■ In her second point of error, appellant asserts that the trial court improperly denied her motion for an instructed verdict based on the evidence of the alleged offense in the record after the State rested its case in chief, and improperly denied her motion to suppress. In regard to the trial court's denial of appellant's motion for an instructed verdict, it is well settled that a challenge to the ruling on a motion for instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling the motion for instructed verdict. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990); *Sanders v. State*, 814 S.W.2d 784, 786 (Tex.App.—Houston [1st Dist.] 1991,

no pet.). Here, we have addressed the sufficiency of the evidence in our discussion of the first point of error.

■ In regard to the denial of appellant's motion to suppress the tape recording of the telephone conversation she had with Gonzales, Tex.R.App.P. 52(a) requires an appellant to timely object to the introduction of such evidence in order to preserve it for appellate review. The record reveals that appellant did not object to the introduction of the tape recording until a full day had passed since its being admitted into evidence. In light of appellant's failure to timely object, she has preserved nothing for this court to review. Appellant's second point of error is overruled, and the judgment is affirmed.