**AFFIRM; Opinion issued February 27, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

————————————————————

## No. 05-11-00846-CR

————————————————————

**TIMOTHY ALLEN TRESSLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-80803-10**

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Francis

Timothy Allen Tressler appeals his conviction for impersonating a public servant. After finding appellant guilty, the trial court assessed punishment at two years in prison, probated for two years. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction and claims the trial court should have granted his motion for a directed verdict. We affirm.

Appellant claims the evidence is legally insufficient because the witnesses' testimony is inconsistent.

We review a challenge to the sufficiency of the evidence under well established standards. *See Jackson v. Virginia*, 444 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The State was required to prove beyond a reasonable doubt that appellant impersonated "a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts." TEX. PENAL CODE ANN. § 37.11(a)(1) (West 2011). The actor need not succeed in actually inducing anyone to submit to or rely on his assumed authority; all that is required is the impersonation and the intent. *See id*.

Appellant was indicted for impersonating "a peace officer with intent to induce Pamela Humphries to submit to the pretended official authority of [appellant] or to rely on the pretended official acts of [appellant] by stating he was a police officer."

Humphries is the property manager at Greenbriar Apartments in Plano. On the morning of February 10, 2010, a dispute arose between the occupants of apartment 309 and apartment 310 regarding noise. Apartment 309 was leased to Richard Salsbury, and April Byrd was listed as an authorized occupant. Shortly thereafter, Humphries served an eviction notice on Byrd.

Around one in the afternoon, appellant came in the manager's office and asked for information from the lease file on apartment 309. Humphries told him she could not give out any information because he was not on the lease nor was he listed as an approved occupant of apartment 309. Appellant said he wanted the Fair Housing information from the file. Humphries told him he could get a form on the internet to file a complaint. Appellant then implied he was a police officer. He said he had "been on the phone with his lieutenant" and "this was going to cause him problems." Appellant told Humphries he had the district attorney on speed dial and the district attorney said she had to provide the information to him. He also claimed he was in a motorcycle group for police officers.

During this conversation, he mentioned he had seen a vehicle with a broken window. Appellant said he called in "as an off-duty officer" to give the VIN number and get information on the vehicle, but that it was not stolen. He told Humphries he took photographs of her license plate for evidence as well as photographs of the damage to the door of apartment 309. Humphries said this frightened her because she did not know if he could find out where she lived, and she felt appellant was trying to intimidate her.

Sue Redford was the district manager for the Greenbriar Apartments. When she walked in the manager's office, appellant was asking for information from the lease file for apartment 309. After he was told he could not have access to the file, he identified himself as an undercover officer. He said he had just spoken with the D.A.'s office and "he was advised to request Fair Housing information from the apartment office." Redford said appellant was trying to use his influence as a police officer to access the lease file. Redford got a phone call and stepped out of the office to take it but when she returned, appellant was gone.

Appellant testified he was the sergeant at arms for the Steel Saints Law-Enforcement Motorcycle Club. On February 10, 2010, he called 9-1-1 to report that Byrd had been attacked by a leasing agent named Nicky at the apartment complex. When the police arrived, they talked to Nicky, then interviewed appellant and Byrd. The police asked appellant if he was in a motorcycle group and he informed them he was. After police left, appellant went to the manager's office to get a Fair Housing discrimination form. He denied identifying himself as a public servant and denied referring to the district attorney.

Although appellant claims nothing he said rises to the level of being an official act or imposing pretended official authority, we disagree. Appellant implied he was a police officer, including talking about his lieutenant. He told Redford he was an undercover officer. He

mentioned calling in VIN numbers on a car as an off-duty officer and referred to having called the district attorney. These statements were made to induce Humphries to provide appellant with information to which he was not entitled. *See Boyett v. State*, 368 S.W.2d 769, 771 (Tex. Crim. App. 1963). To the extent he claims the witnesses' testimony is inconsistent with what he said, the trial court was the fact finder in this case and was entitled to judge the credibility of the witnesses and believe all, some, or none of the testimony presented by the parties. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Because legally sufficient evidence establishes appellant impersonated a police officer with intent to induce Humphries to submit to his pretended official authority, the trial court did not err in denying his motion for a directed verdict. We overrule appellant's issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110846F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Timothy Allen Tressler, Appellant

No. 05-11-00846-CR          V.

The State of Texas, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-80803-10.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 27, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE