FILED IN
COURT OF CRIMINAL APPEALS

March 25, 2015

ABEL ACOSTA, CLERK

PD-1501-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/25/2015 9:08:05 AM
Accepted 3/25/2015 9:49:13 AM
ABEL ACOSTA
CLERK

PD-1501-14

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# ROBERT WILLIAM CORNWELL
*PETITIONER-APPELLANT*

vs.

# THE STATE OF TEXAS
*RESPONDENT-APPELLEE*

---

ON DISCRETIONARY REVIEW FROM
THE NINTH COURT OF APPEALS,
CAUSE NO. 09-13-00203-CR

APPEAL FROM THE 435TH DISTRICT COURT OF
MONTGOMERY COUNTY, CAUSE NO. 12-08-08579CR

---

# PETITIONER'S BRIEF ON THE MERITS

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Petitioner-Appellant*

## Identity of Parties and Counsel

For Appellant Robert William Cornwell:

> DAN MADELEY
> *Trial counsel*
> 208 W. Davis
> Conroe, Texas 77301
>
> RICHARD MARTIN P. CANLAS
> *Trial counsel*
> 300 W. Davis, Suite 560
> Conroe, Texas 77301
>
> BRUCE ANTON
> BRETT ORDIWAY
> *Appellate counsel*
> SORRELS, UDASHEN & ANTON
> 2311 Cedar Springs Suite 250
> Dallas, Texas 75201

For Appellee the State of Texas:

> SHANNA REDWINE
> *Trial counsel of record*
> MONTGOMERY COUNTY DISTRICT ATTORNEY'S OFFICE
> 207 W. Phillips 2nd Floor
> Conroe, Texas 77301
>
> JASON LARMAN
> *Appellate counsel*
> MONTGOMERY COUNTY DISTRICT ATTORNEY'S OFFICE

Trial judge:

> THE HONORABLE MICHAEL SEILER
> MONTGOMERY COUNTY'S 435TH DISTRICT COURT

# Table of Contents

Identity of Parties and Counsel ................................................................. 2

Index of Authorities ................................................................................. 4

Statement of the Case ............................................................................... 5

Issue Presented ........................................................................................ 6

    Whether, to secure a conviction for impersonating a public servant on the theory that the defendant intended to induce another to rely on his acts, the State must prove that the defendant intended to induce another to rely on *pretended official* acts, not simply any acts. ........... 6

Statement of Facts .................................................................................... 7

Summary of the Argument ....................................................................... 8

Argument .................................................................................................. 9

    I.  Appellant's unwavering argument ............................................... 9

    II.  The court of appeals ignored the statute's requirement that the State prove the defendant pretended to act in an official capacity 11

    III. Conclusion ................................................................................ 16

Certificate of Service ............................................................................... 18

Certificate of Compliance ........................................................................ 18

# Index of Authorities

**Cases**

*Boyett v. State*, 368 S.W.2d 769, 771 (Tex. Crim. App. 1963)................. 15

*Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014).. passim

*Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2002) ................... 12

*Dietz v. State*, 62 S.W.3d 335, 337 (Tex. App.—Austin 2001, pet. ref'd) 11

*Ex parte Niswanger*, 335 S.W.3d 611, 617 & n. 11, 618 n. 15 (Tex. Crim. App. 2011)............................................................... 10, 15, 16

*Greene v. Massey*, 437 U.S. 19 (1978) ..................................................... 17

*Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)................. 17

*Rice v. State*, 195 S.W.3d 876, 878 (Tex. App.—Dallas 2006, pet. ref'd) 11

*Studevant v. State*, 833 S.W.2d 712, 712-14 (Tex. App.—Houston [14th Dist.] 1992, no pet.)............................................................... 11

*Tiller v. State*, 362 S.W.3d 125, 128 (Tex. App.—San Antonio 2011, pet. ref'd) .......................................................................... 13, 14

*Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd)........................................................................ 12, 15

**Statutes**

TEX. PEN. CODE § 37.11 ................................................................. 5, 9, 16

TEX. PEN. CODE §37.11.......................................................................... 13

**Other Authorities**

BLACK'S LAW DICTIONARY (9th ed. 2009)................................................. 15

## Statement of the Case

Cornwell pretended to be a Dallas County Assistant District Attorney. But though there was no evidence that, in so doing, Cornwell intended to induce the complainant to submit to his pretended official authority, or to rely on any pretended official acts, Cornwell was nonetheless charged by information on August 13, 2012, with impersonating a public servant. (CR: 9); *see* TEX. PEN. CODE § 37.11(a)(1). And the jury nonetheless found Cornwell guilty, and the court then sentenced him to two years' confinement. (RR3: 83, 188; CR: 79).

Accordingly, on appeal Cornwell argued that the evidence was legally insufficient to support his conviction because it was plain that he did not intend to induce the complainant to submit to his pretended official authority or to rely on a pretended official act. *Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014). The court of appeals affirmed Cornwell's conviction, though, simply because there was evidence that Cornwell intended to induce the complainant to rely on his false *identification*—not on any pretended official acts—when considering his request for the favor. *Id.* No motion for rehearing was filed.

## Issue Presented

Whether, to secure a conviction for impersonating a public servant on the theory that the defendant intended to induce another to rely on his acts, the State must prove that the defendant intended to induce another to rely on *pretended official* acts, not simply any acts.

## Statement of Facts

Robert Cornwell telephoned Montgomery County Assistant District Attorney Kourtney Teaff and asked her to be lenient with a friend whose probation her office sought to revoke. (SX9). In so doing, Cornwell averred that he, too, was an assistant district attorney, in Dallas County, and that they "were on the same team and everything and that he was just doing a friend a favor." (RR3: 13). Furthermore, Cornwell lied about running the friend's criminal history, speaking with the probation department, investigating the friend's medical issues, and giving his own nephew jail time for possessing marijuana. (SX9). Teaff confirmed at trial, however, that Cornwell "never ordered [her] to do anything" or "pretend[ed] he [had] any authority over [her]," and that he acted "in his personal capacity." (RR3: 30, 33, 41).

## Summary of the Argument

A person commits the offense of impersonating a public servant if he impersonates a public servant with the intent to induce another to rely on his pretended official acts. And this Court in *Niswanger* affirmed as much—a defendant must have pretended to act *in that official capacity* (regardless of whether that act in fact would be in his official capacity). The court of appeals in this case discarded this requirement, though, because it misunderstood a sister court of appeals's opinion to read that the defendant's intent to induce was all that mattered. This was plainly incorrect.

## Argument

> To secure a conviction for impersonating a public servant on the theory that the defendant intended to induce another to rely on his acts, the State must prove that the defendant intended to induce another to rely on *pretended official* acts, not simply any acts.

❖ ❖ ❖

### I. Appellant's unwavering argument

A person commits the offense of impersonating a public servant if he impersonates a public servant with the intent to induce another (1) "to submit to his pretended official authority" or (2) "to rely on his pretended official acts." TEX. PEN. CODE § 37.11(a). In Cornwell's case, the State has never contended that Cornwell intended to induce Teaff to submit to any pretended official authority. Not at trial, or before the court of appeals—it couldn't. (RR3: 65-70, 76-81); *see Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014). For, as Teaff herself testified, "it would [have been] ridiculous" for Cornwell to behave as if he had any authority over her. (RR3: 33). Instead, the State urged, and the jury apparently agreed, that Cornwell intended to induce Teaff to rely on his pretended official act of "trying to resolve a pending criminal case." (CR: 9); (RR3: 67); *Cornwell*, 445 S.W.3d at 490.

9

As to that contention, Cornwell has never contested that he impersonated an assistant district attorney with the intent to induce Teaff to rely on that identification. (RR3: 70-76). *He* couldn't—it's intrinsic that that's why he identified himself as such. Rather, Cornwell urged at trial, and then before the court of appeals, that not an ounce of evidence supported that he intended to induce her to rely on any *pretended official* acts. Simply identifying himself as an assistant district attorney doesn't qualify as such, and he never pretended that asking for a favor "from one DA to another" was an official act. (RR3: 70-76); (App. Br. at 5-6) (citing *Ex parte Niswanger*, 335 S.W.3d 611, 617 & n. 11, 618 n. 15 (Tex. Crim. App. 2011) (stating that to allege a crime, the indictment "must provide that the defendant had been engaged in some overt action in an official capacity that is more than merely showing official identification")).

To that end, Teaff specifically testified "[Cornwell] was doing a friend a favor." (RR3: 38). In no way did Cornwell hold himself out to be acting in his official capacity; he didn't pretend to call from an office phone, instead specifically requesting she call him on his "[p]ersonal cell phone"; he didn't pretend to write from an office e-mail account. *Cf. Rice*

*v. State*, 195 S.W.3d 876, 878 (Tex. App.—Dallas 2006, pet. ref'd) (evidence legally sufficient where defendant told officer that initiated traffic stop that he was a Louisiana corrections officer picking up a prisoner); *Studevant v. State*, 833 S.W.2d 712, 712-14 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (evidence legally sufficient where defendant represented herself as assistant attorney general and sought information from witness as part of her "investigati[on]"); *Dietz v. State*, 62 S.W.3d 335, 337 (Tex. App.—Austin 2001, pet. ref'd) (legally sufficient evidence where bail bondsman pretended to be a sheriff's deputy so as to request assistance serving warrant from police officers). As acknowledged in the State's brief on appeal, Teaff recorded Cornwell's calls precisely because "it was unusual for a prosecutor to attempt to use their office to influence a case in another county." (St. Br. at 6) (citing RR3: 8-11). In fact, Teaff explicitly testified that Cornwell made clear he was acting "in his personal capacity."(RR3: 41).

## II. The court of appeals ignored the statute's requirement that the State prove the defendant pretended to act in an official capacity

Faced with Teaff's unambiguous testimony, the State on appeal did not dispute that Cornwell did not pretend his favor request was an

11

official act. (St. Br. at 4-5). Instead, the State argued that, in so making that request, Cornwell referred to having previously made official acts, and that he intended for Teaff to rely on those. (St. Br. at 4-5). But even assuming that Cornwell in fact represented to having previously made official acts, to be guilty of the offense the "pretended official act" on which he intended for Teaff to rely must be that act for which he was charged—here, "trying to resolve a pending criminal case." (CR: 9); *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2002) (holding that sufficiency of evidence must be weighed against "manner and means of abduction" alleged in indictment). And that he was charged as such was no error; the Corpus Christi Court of Appeals has specifically held that, to be guilty of impersonating a public servant, there must be a false "pretension by a person that he is a public servant and overt action in this capacity"—not reference to action in this capacity, or overt action outside this capacity. *Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd). Indeed, if, instead, the statute required only a false pretension and reference to previously making an overt action in that capacity, then any impersonation of a public servant would be a crime, as inherent in such a pretension is the representation to

12

have previously made official acts. *See* TEX. PEN. CODE § 37.11 (simply pretending to be a public official is not a crime).

Considering, then, that the State essentially urged the court of appeals to ignore the charging instrument, or enlarge the statute to cover any impersonation of a public official, it is understandable that the court declined to follow its lead. *Cornwell*, 445 S.W.3d 488. The court's alternative reasoning, though, was just as strained. For, instead of evaluating whether Cornwell's request for a favor was a "pretended official act," the court simply announced that because it was "an act," at all, the evidence was sufficient:

> While the term "official act" is not defined in the Penal Code, the Penal Code defines "[a]ct" as "a bodily movement ... and includes speech."
>
> …
>
> Given that an act under the Penal Code involves speech, and that the Montgomery County assistant district attorney had the ability to use her prosecutorial discretion with respect to Cornwell's friend's case, we hold the evidence supports Cornwell's conviction under the "pretended official acts" prong of section 37.11(a)(1) of the Penal Code.

*Id.* at 491. Believing that it was following San Antonio Court of Appeals's lead in *Tiller v. State*, 362 S.W.3d 125, 128 (Tex. App.—San Antonio 2011, pet. ref'd), the court in its opinion made clear that its suffi-

13

ciency review instead solely "focused upon" Cornwell's intent to induce Teaff. *Cornwell*, 445 S.W.3d at 491.

Even forgetting, for a moment, that a sister court of appeals would have no authority to dispense of an element of the statute, the *Tiller* court, of course, did no such thing. Instead, it properly evaluated whether Tiller purported his act to be in his pretended official capacity, and because it held it was, it affirmed his conviction because he *also* intended it to induce reliance. *Tiller*, 362 S.W.3d at 128.

*That* is the analysis the court in this case entirely failed to perform, and which this Court should instruct it to do on remand. Cornwell cannot be guilty of a crime unless he purported to act officially. And upon recognizing the Beaumont court's misreading of *Tiller* to stand for otherwise—for the proposition that the defendant's intent to induce satisfies all—other errors in the court's opinion are at once explained. For, though the court avoided one analysis, it became forced to confront another: in addition to flagrantly ignoring the language of the statute, it also had to discard this Court's opinion in *Niswanger*, which explained (and as Cornwell urged) that to allege a crime, the charging instrument "must provide that the defendant had been engaged in some overt ac-

tion in an official capacity that is more than merely showing official identification." *Niswanger*, 335 S.W.3d at 617 n. 11.

The court of appeals waved that off by dismissing it as "dicta" [*sic*], and by noting that, in that case, unlike this one, "the circumstances did not show that Niswanger identified himself as a public official to induce others to engage in conduct that involved a governmental function." *Cornwell*, 445 S.W.3d at 491. Considering it was certainly a correct statement of law, though, both justifications are predictably unsound.

That dictum which the court so readily disregarded is the holding of the cases to which it cites. *See Niswanger*, 335 S.W.3d at 617 n. 11 (citing *Tovar*, 777 S.W.2d at 489; *Boyett v. State*, 368 S.W.2d 769, 771 (Tex. Crim. App. 1963)). And even if it weren't, dictum is "frequently, and indeed usually, correct." BLACK'S LAW DICTIONARY (9th ed. 2009). Moreover, as to the identified distinction between *Niswanger* and this case, the court of appeals in no way explained why that distinction mattered; why the action which the defendant sought to induce—addressed nowhere in the statute—at all permitted the court to dispense with an element of the crime very definitely required. *Cornwell*, 445 S.W.3d at

15

491. Certainly, *Niswanger* does not assert as much. *See Niswanger*, 335 S.W.3d at 617 n. 11. And a distinction without meaning is meaningless.

All of this is to say, in short, that the court of appeals's holding was plainly incorrect. The statute very clearly states that, to be guilty of impersonating a public servant, a defendant must have pretended to act *in that official capacity* (regardless of whether that act in fact would be in his official capacity). TEX. PEN. CODE § 37.11(a)(1). And this Court in *Niswanger* affirmed as much. *See Niswanger*, 335 S.W.3d at 617 n. 11. The court of appeals in this case discarded this requirement, though, because it misunderstood *Tiller* to read that the defendant's intent to induce was all that mattered. This was wrong, and Cornwell's conviction cannot stand until the court properly considers whether he purported to act officially.

## III.   Conclusion

Because the court of appeals ignored this analysis in affirming Cornwell's conviction, at the very least this Court should vacate the judgment of the court of appeals and remand this case to that court to determine as much. But for all those reasons urged in Cornwell's original briefing before that court, and now summarized in this brief, Corn-

well urges this Court that, because it is so plain that he did not act in any pretended official capacity, in the interests of judicial economy this Court should simply reverse the judgments of the courts below and enter a verdict of acquittal. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004); *Greene v. Massey*, 437 U.S. 19 (1978) (re-trial not permissible after reviewing court has determined evidence is insufficient).

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

/s/ Brett Ordiway
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Petitioner-Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petitioner's Brief on the Merits was electronically served to the Montgomery County District Attorney's Office and the State Prosecuting Attorney on March 24, 2015.

        /s/ Bruce Anton
        BRUCE ANTON

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because this petition contains 2,017 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.

        /s/ Bruce Anton
        BRUCE ANTON