Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**OPINION**

No. 04-10-00806-CR

Charles Nicky **TILLER**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A10116
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Karen A. Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

Charles Nicky Tiller was found guilty of impersonating a public servant.  Tiller appeals the judgment, asserting the evidence is legally and factually insufficient to support the jury's verdict.  We affirm the trial court's judgment.

### BACKGROUND

David Brugh testified he worked for a company that sells public safety equipment over the internet.  The company also makes badges for law enforcement personnel.  Brugh explained

that the company does not complete an order for a law enforcement badge without verifying the person has "official credentials" and is "truly, indeed, a law enforcement officer." Brugh testified the company received an order from Tiller for two Bexar County Constable badges. He identified several documents from the company relating to the order. One document was an order form reflecting that Tiller sought to purchase one badge with "Chief Constable" engraved on it and another engraved "Deputy Constable." Another document was a letter from Tiller, identifying himself as "Chief Constable Charles Nick Tiller, Bexar County, Texas" and stating that Charles Chris Tiller[1] was "duly sworn in as Deputy Constable of Bexar County, District #009 on September 19, 2009." A third document is a complaint letter written on the letterhead of "Constable Charles Nick Tiller, Bexar County Dist 009." In the letter, Tiller states that he ordered two badges "as Constable of Bexar County, Texas," and that the company "refuses to recognize my credentials which are legally binding in the Republic of Texas." The document also referred to a letter from "my sheriff" that Tiller sent to the company along with his "personal I.D." The referenced letter, dated September 19, 2009, purported to be from "Sheriff Paul Zimmerman, Bexar County, Texas. "Sheriff Zimmerman's" letter stated that Tiller was "duly elected to the office of Constable of Bexar County, District #009 on September 19, 2009." Also among the papers sent to the company was a photocopy of Tiller's Texas driver's license. The State also introduced affidavits from a Bexar County Deputy Clerk stating that office did not have any record of a "deputation/oath of office/elected official" for "Charles Nick Tiller" or "Paul Zimmerman."[2] Brugh testified he contacted Bexar County, but was unable to verify Tiller was a constable, and the company did not send any badges to Tiller. Brugh also testified he had

---

[1] Other testimony established Charles Chris Tiller is Tiller's son.

[2] We take judicial notice that the Honorable Amadeo Ortiz was the Bexar County Sheriff in January 2009 and remains in that office as of the date of this opinion. *See* TEX. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *Volosen v. State*, 227 S.W.3d 77, 81 (Tex. Crim. App. 2007) ("Where a matter is appropriately subject to judicial notice, an appellate court can take judicial notice for the first time on appeal.")

a telephone conversation with Tiller during which Brugh explained the "proper credentials" the company needed to fulfill the order.

Kerr County Sheriff's Investigator Jeff McCoy testified that he interviewed Tiller about the badge order. Tiller admitted to him he placed the order and stated that he was elected a constable for Bexar County by the members of the Republic of Texas. Tiller rested without calling any witnesses.

The jury was charged in accordance with the allegations of the indictment and it returned a guilty verdict. The trial court sentenced Tiller to three years in prison, suspended the sentence and placed Tiller on probation for three years, and fined him $2000. Tiller timely appealed.

### STANDARD OF REVIEW

Tiller argues the evidence is legally and factually insufficient to support the jury's verdict. However, in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), a majority of the judges of the Court of Criminal Appeals agreed it is no longer appropriate to conduct a separate review for factual sufficiency in criminal appeals. *Brooks*, 323 S.W.3d at 912; *id.* at 926 (Cochran, J., concurring). Accordingly, we review the evidence to determine whether it is legally sufficient under the *Jackson v. Virginia* standard. *Brooks*, 323 S.W.3d at 912. Under that standard, we review the evidence for legal sufficiency by looking at all of the "evidence in the light most favorable [to] the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Prible v. State*, 175 S.W.3d 724, 729–30 (Tex. Crim. App), *cert. denied*, 546 U.S. 962 (2005). "We resolve [any] inconsistencies in the testimony in favor of the verdict." *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

## DISCUSSION

A person commits an offense if he "impersonates a public servant with intent to induce another to submit to his pretended official authority or rely on his pretended official acts." TEX. PENAL CODE ANN. § 37.11(a)(1) (West 2011). The indictment charged that Tiller "impersonate[d] a public servant, namely represented himself to be a constable, with intent to induce another, namely [the company], to submit to the defendant's pretended official authority or rely on his pretended official acts." The application paragraph of the jury charge stated:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of September, 2009, in Kerr County, Texas, the defendant CHARLES NICKY TILLER III, did then and there intentionally and falsely assume and pretend to be a peace officer of this State, to wit, a constable *of [sic] Bexar County, Texas, and did then and there, so falsely assuming and pretending to be such officer with intent to induce [the company] to submit to his pretended official authority and to rely on his pretended official acts, *communicated [sic] with [the company] and ordered a peace officer badge and represented that he, the said defendant, was in fact a peace officer, namely a *constable [sic] of Bexar County, Texas, when, in fact and truth, the said CHARLES NICKY TILER III was not such peace officer, and was not authorized by law to perform said acts, then you will find the defendant guilty as charged.

Tiller does not dispute that he ordered the badges and sent the documentation to the company. Rather, Tiller argues those acts do not constitute a crime because his representation to the company was not an official act. We disagree. Brugh testified the company would not sell a badge without ensuring the recipient was a valid law enforcement official. Tiller sent a letter to the company identifying himself as the "Chief Constable of Bexar County, Texas." In the letter, he represented that Charles Chris Tiller was "duly sworn in as a deputy constable of "Bexar County, District #009," on September 19, 2009. There is sufficient evidence in the record for a reasonable jury to have concluded beyond a reasonable doubt that Tiller acted with the intent that the company rely on his pretended official act of confirming that his son was a lawful law

enforcement officer. The evidence also is sufficient for a reasonable jury to conclude that Tiller knew the company required such confirmation before it would send the badges to him.

Tiller relies on *Ex parte Niswanger*, 335 S.W.3d 611 (Tex. Crim. App. 2011), for his argument that he did not commit an official act. Niswanger filed an application for a writ of habeas corpus, arguing his trial counsel was ineffective because he recommend a plea bargain without first investigating whether the facts would support a conviction for impersonating a public servant. 335 S.W.3d at 614. Niswanger had claimed to be a volunteer fireman and displayed a badge when soliciting a person to purchase a raffle ticket for a charity. *Id*. at 613. The court stated that to allege a crime under section 37.11(a)(1), "an indictment must provide that the defendant had been engaged in some overt action in an official capacity that is more than merely showing official identification." *Id*. at 617 n. 11 (citing *Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd). The court questioned whether the sale of a raffle ticket was an official act that would support conviction, but did not decide the issue and denied Niswanger relief. *Id*. at 617 n.11, 618 n.15, & 619. Here Tiller did more than show official identification and offer to sell a raffle ticket. When he learned that the company would not send a badge without proof it was for use by a valid law enforcement official, Tiller sent a letter to the company claiming to be the Bexar County Constable, and asserted his son Charles Chris Tiller was "duly sworn in as a deputy constable of Bexar County." This was an overt act in a pretended official capacity done with the intent to induce reliance. The evidence supports the jury's finding that Tiller intended the company rely upon his pretended official act — the act of certifying someone is his duly sworn deputy, a "valid" law enforcement officer, and entitled to a badge. The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

PUBLISH