**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00203-CR**
_____

**ROBERT WILLIAM CORNWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-08-08579 CR**

**OPINION**

Robert William Cornwell appeals his conviction for impersonating a public servant, a third degree felony. Tex. Penal Code Ann. § 37.11 (West 2011). In issue one, Cornwell argues the State failed to introduce sufficient evidence to prove that he was guilty of inducing another to submit to his pretended authority or to rely on his pretended official acts as an assistant district attorney. In issue two, Cornwell argues that he is entitled to receive a new trial because the State's attorney engaged in improper closing argument by striking "at him over the shoulders of counsel."

1

We conclude the evidence is legally sufficient to support Cornwell's conviction. With respect to Cornwell's complaint about the prosecutor's remarks in final argument, the record shows that Cornwell's objections were not sufficiently specific to alert the trial court of the complaint he raises in his appeal, so issue two was not properly preserved for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A).

Background

The majority of the evidence supporting Cornwell's conviction concerns conversations between Cornwell and the assistant district attorney in Montgomery County. What was said during these conversations is undisputed, as they were recorded. The recordings made of the conversations, which were before the jury, reflect that Cornwell made several calls to the assistant district attorney assigned to the court in which a friend of his was being prosecuted. During the two conversations that he had with the assistant district attorney about the case involving his friend, and in recorded messages pertinent to that same case, Cornwell falsely identified himself as an assistant district attorney from Dallas County. The recordings reflect that Cornwell asked the assistant district attorney in Montgomery County to assist him in reaching a resolution of his friend's case. Cornwell explained that his friend thought that her case was to be transferred to Dallas County, but that due to errors with his friend's fingerprint card, the case had

not been transferred from Montgomery County to Dallas County, where his friend lived. Cornwell told the assistant district attorney that he had reviewed his friend's case, spoken with the probation department about her case, and checked on her background. Cornwell also told the assistant district attorney that his friend was sick; that he could vouch for her character; and that he had information about his friend's disability, information he subsequently provided to the assistant district attorney. At one point he suggested that the matter might be capable of being resolved by a charitable donation.

On appeal, Cornwell argues the evidence is insufficient to show that he intended to induce the assistant district attorney to do anything or to rely on his act of falsely representing that he was an assistant district attorney. According to Cornwell, the evidence does not show that he ordered or directed the assistant district attorney in Montgomery County to do anything for his friend. Cornwell concludes that the actions he took are not the types of acts typically undertaken by assistant district attorneys. According to Cornwell, while the evidence showed that he asked the assistant district attorney to do a favor for his friend, the evidence is insufficient to show that he induced the assistant district attorney to rely on any pretended "official authority" or that he induced the assistant district attorney to submit to his "pretended official acts." *See* Tex. Penal Code Ann. § 37.11.

3

Cornwell concludes the evidence shows that he was acting at all times in his personal capacity, and that the evidence does not reasonably support the conclusion that he intended to induce the Montgomery County assistant district attorney to act or rely upon his representation that he was an assistant district attorney.

Sufficiency of the Evidence

In reviewing a challenge to the sufficiency of the evidence, the evidence is assessed in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). Because it is the jury's responsibility to resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, a jury verdict will be upheld "unless a reasonable juror must have had a reasonable doubt as to at least one of the elements of the offense." *Runningwolf v. State*, 360 S.W.3d 490, 494 (Tex. Crim. App. 2012).

Under section 37.11(a)(1) of the Penal Code, the statutory basis cited in Cornwell's indictment, a person commits the offense of impersonating a public servant if the person "impersonates a public servant with intent to induce another

4

to submit to his pretended official authority or to rely on his pretended official acts[.]" Tex. Penal Code Ann. § 37.11(a)(1). Cornwell's indictment alleges that Cornwell, while impersonating an assistant district attorney, intended to induce the Montgomery County assistant district attorney "to submit to the pretended authority or rely on the pretended official[] act[] of [Cornwell] by trying to resolve a pending criminal case[.]"

Cornwell contends that the evidence is insufficient to support his conviction for impersonating a public servant because none of the evidence before the jury showed that he attempted to assert any official authority over the assistant district attorney in Montgomery County, or that he was acting in his purported official capacity as an assistant district attorney when he asked the prosecutor for her help to reach a resolution of his friend's case. Cornwell suggests that he merely sought a favor for a friend: he concludes the evidence does not support the jury's determination that the actions he took are the types of things that the Legislature intended to prohibit as "pretended official acts."

Essentially, Cornwell argues that his false identification as a public official is insufficient to demonstrate that he intended for the assistant district attorney in Montgomery County to negotiate with him to resolve his friend's case based on the false impression he created by saying that he was an assistant district attorney.

5

However, the State was not required to prove that the assistant district attorney in Montgomery County actually relied on his false representation about his position to act on his friend's case; instead, the State was only required to prove that Cornwell intended the assistant district attorney to do so. *See* Tex. Penal Code Ann. 37.11(a)(1).

To support his argument that the statements that he made in the recorded conversation amounted to no evidence that he committed any "official acts[,]" Cornwell relies on dicta found in a footnote in *Ex parte Niswanger*, a Court of Criminal Appeals case involving an ineffective assistance of counsel claim. 335 S.W.3d 611, 617 & n.11, 618 n.15 (Tex. Crim. App. 2011) (stating that to allege a crime, the indictment "must provide that the defendant had been engaged in some overt action in an official capacity that is more than merely showing official identification") (citing *Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd)). In *Niswanger*, however, the circumstances did not show that Niswanger identified himself as a public official to induce others to engage in conduct that involved a governmental function. *See id.* at 613. In Cornwell's case, however, the jury could reasonably conclude that he made the statements about being an assistant district attorney to obtain the cooperation of the Montgomery County assistant district attorney in resolving the criminal case of his friend, a case

6

over which Cornwell thought the assistant district attorney had influence. While the term "official act" is not defined in the Penal Code, the Penal Code defines "[a]ct" as "a bodily movement . . . and includes speech." Tex. Penal Code Ann. § 1.07(a)(1) (West Supp. 2014).

In Cornwell's case, the jury could have reasonably believed that Cornwell falsely represented he was an assistant district attorney because he believed that another assistant district attorney was more likely to consider his requests to move the case along if she thought he held a similar official position. When viewed in the light most favorable to the evidence, the jury's conclusion that Cornwell intended to induce an assistant district attorney to use her authority to resolve an active case was reasonable. Given that an act under the Penal Code involves speech, and that the Montgomery County assistant district attorney had the ability to use her prosecutorial discretion with respect to Cornwell's friend's case, we hold the evidence supports Cornwell's conviction under the "pretended official acts" prong of section 37.11(a)(1) of the Penal Code. *Id.* § 37.11(a)(1). Given our resolution of the case under this prong of section 37.11(a)(1), we need not address Cornwell's remaining argument that the evidence failed to show that the Montgomery County assistant district attorney submitted to his pretended official authority.

Our conclusion that the evidence supports the jury's verdict relies, in part, on our sister court's opinion in *Tiller v. State*, 362 S.W.3d 125, 128 (Tex. App.—San Antonio 2011, pet. ref'd). In *Tiller*, Tiller attempted to order two badges of a type typically issued only to law enforcement officials. *Id.* at 126-27. In a letter that he sent seeking to purchase the badges, Tiller identified himself as the "'Chief Constable of Bexar County,'" and stated that the other badge was for a "duly sworn . . . deputy constable[.]" *Id.* at 128. The San Antonio Court concluded that the evidence, which showed that Tiller was not a public official, together with his request asking for the badges using the pretense that he was a public official, allowed the jury to reasonably conclude that Tiller possessed the requisite intent to induce the company to rely on his pretended official act. *Id.* In *Tiller*, the San Antonio Court relied on the evidence that focused upon the defendant's intent, the same approach we have used in analyzing the arguments Cornwell presents in his appeal.

We hold that the evidence is sufficient to support Cornwell's conviction for impersonating a public servant because it allowed the jury to conclude that he impersonated a public servant with the intent to induce another to rely on his pretended official acts. We overrule Cornwell's first issue.

Closing Argument

In issue two, Cornwell argues the prosecutor's argument was improper because it suggested that defense counsel had fabricated Cornwell's defense. In response, the State argues that Cornwell did not raise the same objection to the prosecutor's argument that he raises in his appeal. Additionally, the State contends that because Cornwell never asked the trial court for instructions to mitigate or cure any potential harm created by the prosecutor's argument, the trial court properly denied Cornwell's request for a mistrial.

The argument, objections, and rulings that are now at issue are set forth below:

> [State]: . . . And a funny thing happens when people like this defendant are caught red-handed. What happens is they sit around for a year with their lawyers and figure out what to say. I am caught --
>
> [Defense]: I'm going to object, Your Honor, as to invading the lawyer/client privilege, for one.
>
> [Court]: Overruled.
>
> [Defense]: And it violates the defendant's right to a fair trial.
>
> [Court]: Overruled.
>
> [Defense]: I respectfully move for a mistrial.
>
> [Court]: That['s] denied.

[State]: And you sit around with good lawyers like this defendant has and you say, "What do we do?" There's no question as to the actions that he took, "I know what I'll say. I'll say that I intended anything other than what's in that statute." And that's what you saw. And he has a right to stand before you and try to make you believe that but you don't have to buy it.

Permissible jury argument generally falls into one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) an answer to the argument of the opposing counsel, or (4) a plea for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). Argument that strikes at a defendant over the shoulders of defense counsel is improper. *Id.* Nevertheless, a proper objection must still be made. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010), *aff'd on other grounds*, 390 S.W.3d 341 (Tex. Crim. App. 2013); *see also* Tex. R. App. P. 33.1.

To preserve error, a party's objection must be sufficiently specific "to 'let the trial [court] know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)); *see also* Tex. R. App. P. 33.1(a)(1)(A). A complaint is not preserved for appeal if "the legal basis of the complaint raised on appeal varies

10

from the complaint made at trial." *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). Moreover, "[a] defendant must object each time an improper argument is made, or he waives his complaint, regardless of how egregious the argument." *Temple*, 342 S.W.3d at 603.

Cornwell argues on appeal that the State's argument was improper because it struck at him over the shoulders of counsel. However, Cornwell objected on a different basis to the prosecutor's argument at trial. At trial, Cornwell lodged only two objections: that the prosecutor's argument invaded the attorney-client privilege, and a more general objection that the argument deprived his client of a fair trial. Cornwell never alerted the trial court to his claim that the argument was improper because it suggested that Cornwell and his counsel made up his defense.

The objections that Cornwell made at trial were not sufficiently specific to notify the trial court of his claim that the prosecutor's argument struck at Cornwell over the shoulders of his counsel. *See Lovill*, 319 S.W.3d at 691-92. Cornwell's objection that the argument deprived him of a fair trial was too generic to alert the trial court to the claim that Cornwell has raised on appeal.

Nevertheless, even if preserved, Cornwell's complaint about the prosecutor's argument was waived. Following Cornwell's objections, the prosecutor asserted a similar argument without objection. Specifically, the

11

prosecutor argued that Cornwell decided to claim he did not have the required intent to be convicted of the offense only after he discussed his case with his attorney. *See Temple*, 342 S.W.3d at 603. Because Cornwell failed to assert any objection to that part of the prosecutor's argument, Cornwell's objections to the earlier and highly similar argument were waived.

For both of these reasons, issue two is overruled. *See* Tex. R. App. P. 33.1. Having overruled all of Cornwell's issues, the trial court's judgment is affirmed.

AFFIRMED.

 

 

_____
HOLLIS HORTON
Justice

Submitted on July 7, 2014
Opinion Delivered October 8, 2014
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

12