PD-1501-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/11/2015 5:11:18 PM
Accepted 5/12/2015 8:00:45 AM
ABEL ACOSTA
CLERK

## NO. PD-1501-14

IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TEXAS

---

ON APPEAL FROM THE COURT OF APPEALS FOR THE NINTH
JUDICIAL DISTRICT OF TEXAS AT BEAUMONT

### NO. 09-13-00203-CR

---

## ROBERT WILLIAM CORNWELL, *Appellant,*

### v.

## THE STATE OF TEXAS, *Appellee.*

---

*Arising from:* **Cause No. 12-08-08579-CR**

IN THE 435TH DISTRICT COURT OF
MONTGOMERY COUNTY, TEXAS

---

### STATE'S APPELLATE BRIEF

---

**BRETT W. LIGON**
District Attorney
Montgomery County, Texas

**SHANNA REDWINE**
Assistant District Attorney
Montgomery County, Texas

**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas
T.B.C. No. 24072468
207 W. Phillips, Second Floor
Conroe, Texas 77301
936-539-7800
jason.larman@mctx.org

## Oral Argument Requested Only if Requested by Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2, the State hereby supplements the appellant's list of parties to this appeal with the names of all trial and appellate counsel for the State:

District Attorney:                                     **BRETT W. LIGON**
District Attorney
Montgomery County, Texas
207 W. Phillips, Second Floor
Conroe, Texas 77301

Counsel for the State in the trial court:         **SHANNA REDWINE**
**JEFF HOHL**
Assistant District Attorneys
Montgomery County, Texas
207 W. Phillips, Second Floor
Conroe, Texas 77301

Counsel for the State in the appellate courts:      **JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas
207 W. Phillips, Second Floor
Conroe, Texas 77301

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..............................................................ii

TABLE OF CONTENTS .................................................................................... iii

INDEX OF AUTHORITIES ................................................................................ iv

STATEMENT OF THE CASE................................................................................1

STATEMENT OF FACTS .....................................................................................1

SUMMARY OF THE STATE'S ARGUMENT......................................................2

REPLY TO POINT OF ERROR ONE....................................................................2

      I. Standard of review........................................................................................3

      II. The appellant misreads the indictment.......................................................3

      III. Variance....................................................................................................4

      IV. Pretended official acts..............................................................................8

      V. The opinion of the Court of Appeals .......................................................11

CONCLUSION AND PRAYER ...........................................................................13

CERTIFICATE OF COMPLIANCE WITH RULE 9.4..........................................14

CERTIFICATE OF SERVICE .............................................................................14

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)..............................................3

*Cornwell v. State*,
   445 S.W.3d 488 (Tex. App.—Beaumont 2014, pet. granted) ....................1, 11, 12

*Garfias v. State*, 424 S.W.3d 54 (Tex. Crim. App. 2014) ...........................................6

*Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001)..........................................4

*Gonzales v. State*, 304 S.W.3d 838 (Tex. Crim. App. 2010)......................................6

*Isassi v. State*, 330 S.W.3d 633 (Tex. Crim. App. 2010)............................................3

*Jackson v. Virginia*, 443 U.S. 307 (1979) ...................................................................3

*Johnson v. State*, 364 S.W.3d 292 (Tex. Crim. App. 2012) ...................................4, 5

*Young v. State*, 341 S.W.3d 417 (Tex. Crim. App. 2011)...........................................5

## Statutes

Tex. Pen. Code Ann. § 37.11 (West 2011) ................................................. 5, 8, 9, 12

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

The appellant was charged with the offense of impersonating a public servant (C.R. 19). He entered a plea of not guilty, but a jury found him guilty as charged (C.R. 77, 79). The trial court assessed his punishment at imprisonment for two years (C.R. 79). The Ninth Court of Appeals affirmed the appellant's conviction on October 8, 2014. *Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014, pet. granted). The appellant filed a petition for discretionary review, and this Court granted the appellant's petition on February 11, 2015.

## STATEMENT OF FACTS

The appellant, purporting to be an assistant district attorney from Dallas, called Kourtney Teaff, at that time an assistant district attorney for Montgomery County, and attempted to negotiate a favorable resolution to a friend's criminal case[1] (R.R. 4: State's ex. 9). Teaff initially received a voice message from the appellant, and recognizing that it was unusual for a prosecutor to attempt to use their office to influence a case in another county, recorded the subsequent

---

[1] Michelle Salas entered a plea of guilty to the offense of DWI on April 18, 2007, and was placed on community supervision for a period of fifteen months (R.R. 4: State's ex. 1). An active warrant was issued for Salas's arrest when the State filed a motion to revoke alleging that Salas failed to comply with virtually all the terms of her community supervision (R.R. 2: 177-78; 4: State's exs. 2, 3). The warrant remained active and the motion to revoke was pending when the appellant attempted to intervene (R.R. 2: 197).

1

conversations (R.R. 3: 8-11). The appellant was not an assistant district attorney (R.R. 2: 154, 159-60).

During Teaff's interactions with the appellant, he claimed to have spoken to the probation department in Montgomery County, run his friend's criminal history, reviewed the case file, discovered the Montgomery County Sheriff's Office had lost the fingerprint card, and sentenced his own nephew to "ten days in county" for possession of marijuana (R.R. 4: State's ex. 9).

## SUMMARY OF THE STATE'S ARGUMENT

***Reply to Point of Error One:*** The Court of Appeals correctly determined that the appellant identified himself as a public servant, and that he intended for Teaff to rely on his pretended official acts in an attempt to resolve a pending criminal case. The appellant's claim that he had given his nephew jail time constituted a pretended official act, and it was unquestionably fabricated to convince Teaff to grant the appellant's request by portraying the appellant as an otherwise-hardnosed prosecutor who believed that leniency in this case was justified.

## REPLY TO POINT OF ERROR ONE

The appellant argues that the evidence is insufficient to show that he intended Teaff to rely on his pretended official acts.

**I. Standard of review.**

In reviewing the sufficiency of the evidence, this Court views the evidence "in the light most favorable to the verdict" to determine whether a reasonable fact-finder could have found each element of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). It is "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *See Jackson*, 443 U.S. at 319; *see also Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

**II. The appellant misreads the indictment.**

The appellant repeatedly asserts that the indictment alleged—and that his conviction must therefore rest exclusively upon evidence—that the appellant sought to induce reliance on "his pretended official act of 'trying to resolve a pending criminal case'" (br. at 9, 12). In other words, the appellant reads the indictment to identify the pretended official act to be "by trying to resolve a pending criminal case," as though it said the appellant intended to induce Teaff to rely on the pretended official acts of the defendant, to wit: by trying to resolve a pending criminal case. But the indictment does not. Rather it states that the appellant intended to induce Teaff to "rely on the pretended official acts of the defendant by trying to resolve a pending criminal case" (C.R. at 9). This "by trying

to resolve a pending criminal case" phrase is more accurately understood to be the manner in which the appellant sought to induce Teaff.

## III. Variance.

In determining the sufficiency of the evidence, the reviewing court utilizes a hypothetically correct jury charge, which "does not necessarily have to track exactly all of the charging instrument's allegations … [and] 'need not incorporate allegations that give rise to immaterial variances.'" *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) (citing *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001)). In *Johnson*, this Court explained that variance occurs in two ways. The first is a variance between the pleading and the proof with regard to the statutory language that defines the offense. *Id.* This type of variance is material, will render the evidence insufficient to support a conviction. *Id.* at 295.

The second is a variance with regard to a nonstatutory allegation. This second type of variance will not render the evidence insufficient unless the proof at trial shows an "entirely different offense" than the allegations in the indictment. *See id.* at 295-98. In evaluating this second category of variance, this Court looked to the gravamen of the offense and the allowable unit of prosecution for the offense. This Court also suggested that the analysis used to evaluate a jury unanimity question provided a useful framework:

> The jury unanimity context may provide a useful framework for evaluating non-statutory variances because any issue involving a non-

4

statutory variance can be converted into a jury unanimity question. If the non-statutory allegations that were pled and proved had both been pled, could both have been submitted in the jury charge in support of a single offense without violating principles of jury unanimity? For example, an indictment might allege that Dangerous Dan was murdered by being stabbed with a knife, but the proof at trial might [have] showed that he was, instead, bludgeoned with a baseball bat. The issue could be re-framed as whether the principles of jury unanimity would be violated if "stabbed with a knife" and "bludgeoned with a baseball bat" were both submitted in support of the single murder offense to the jury. The answer is no, because the two methods of committing murder do not result in two offenses.

*Id.* at 296. Murder is a result oriented offense, and thus, the Court's example of Dangerous Dan requires unanimity only with regard to the result of the alleged conduct. *See id.*; *Young v. State*, 341 S.W.3d 417, 424 (Tex. Crim. App. 2011). For a conduct oriented offense, the jury must unanimously agree about the specific criminal act. *See Young*, 341 S.W.3d at 424.

No court in Texas appears to have taken up the units-of-prosecution analysis with regard to impersonating a public servant. *See* Tex. Penal Code Ann. § 37.11 (West 2011). The statute essentially contains three components potentially instructive to the appropriate unit of prosecution: (1) each discrete act of impersonating a public servant, (2) each discrete victim targeted by the act of impersonation, or (3) the official authority or pretended official act upon which the defendant had the intent to induce reliance or submission. Because the impersonating a public servant statute criminalizes the actor's conduct, even if unsuccessful, it is best understood to be a conduct oriented offense. Accordingly,

5

assigning units of prosecution based on either the number of victims or the number of discrete acts of impersonation is consistent with this Court's other holdings. *See, e.g., Garfias v. State*, 424 S.W.3d 54, 61 (Tex. Crim. App. 2014); *Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010). Permitting the third component, which focuses solely on the appellant's intent, to determine the appropriate unit of prosecution would permit multiple prosecutions for a single act of impersonating a public servant if one intended for a single person to rely on multiple pretended official acts. Most appropriately, each time a person impersonates a public servant with the requisite intent is a single unit of prosecution. Therefore, because a variance between the pretended official act alleged and the pretended official act proven at trial does not result in a completely different offense, any variance is immaterial.

Further, applying the jury unanimity analysis referenced in *Johnson*, it is abundantly clear that the pretended official act would not require that the jury unanimously agree on the precise pretended official act supporting the conviction. It could hardly be contested that the jury would be forced to reach a unanimous agreement about the specific pretended official act upon which the defendant sought reliance. For example, had the indictment alleged that the appellant impersonated a public servant with the intent to induce Teaff to submit to the pretended official authority or rely on the pretended official acts of the appellant, to

6

wit:[2] trying to resolve a pending criminal case, giving his nephew ten days in the county jail for possession of marijuana, or by running a criminal history, the jury would not be required to unanimously agree on which pretended act supported the conviction, nor could the State have charged the appellant with three separate counts of impersonating a public servant under those circumstances. In fact, the jury was not even asked to unanimously decide between intent to induce Teaff to (1) submit to his pretended authority, or (2) rely on his pretended official acts.

In this case, the indictment and proof established that, on or about June 1, 2012, the appellant represented himself to be an assistant district attorney for Dallas County, and that he made that representation to Kourtney Teaff while attempting to resolve a pending criminal case. Even if this Court concludes that the indictment specified that "attempting to resolve a pending criminal case" was an express allegation of the pretended official act upon which the appellant sought reliance, because evidence of a different pretended official act would not affect the units of prosecution or require the jury to select between multiple options, that variance is not material.

---

[2] As noted above, adding the phrase "to wit" is necessary to give the indictment the meaning sought by the appellant.

## IV. Pretended official acts.

As charged in the present case, a person commits the offense of impersonating a public servant if the person "impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts." *See* Tex. Pen. Code Ann. § 37.11 (West 2011).

The appellant correctly observes that the State's evidence did not prove any intent to induce "another to submit to his pretended official authority," as he consistently claimed to be acting in his personal capacity when requesting leniency for his friend. Accordingly, the State was required to prove that the appellant impersonated a public servant with intent to induce another to rely on his pretended official acts. The appellant concedes that he represented himself to be a public servant with the intent to induce Teaff to resolve a pending criminal case, and disputes only the sufficiency of the evidence supporting the allegation that he intended Teaff to rely on his pretended officials acts. Because the appellant's calls were recorded, the evidence itself is undisputed.

During the appellant's conversation with Teaff, during which the appellant's sole objective was to resolve a pending criminal case, the appellant represented to Teaff that he had previously given his nephew "ten days in county" for possessing marijuana (R.R. 4: State's ex. 9). Quite obviously, this act constituted a pretended official act reserved almost exclusively for a prosecutor, and a rational jury could

8

have concluded that the appellant intended for Teaff to rely on that act in deciding whether to grant his plea for leniency, even if he expressly represented his plea for leniency to be a personal—rather than an official—request.

The appellant dismisses this act as unimportant because it is not, standing alone, the official act of "trying to resolve a pending criminal case" (br. at 12). But, as discussed above, the indictment did not purport to identify the pretended official act as trying to resolve a criminal case, and even if it did, any variance would be immaterial.

The appellant also appears to require that the pretended official act occur simultaneously with the representation of one as a public servant, and that one does not commit an offense by inducing another to rely on pretended official acts represented to have occurred in the past. Such an argument is plainly flawed, and hypothetical examples demonstrating its absurdity readily come to mind. For example, if a man went to his friend's employer, represented himself to be a city councilman, and informed the manager that the city council recently approved an increase in the minimum wage and continuing to pay employees such a pittance was a violation of city ordinance purportedly voted for by that man, that conduct would violate section 37.11 of the Texas Penal Code. Likewise, if the same man approached a stranger, identified himself as a police officer, asked the stranger to move the stranger's unlawfully parked car, and supported his request with a

representation that he had ticketed and towed the vehicle of another from the same spot on an earlier day, that conduct would violate section 37.11.

The appellant in this case sought to induce Teaff to resolve a pending criminal case, and, in doing so, expressly sought to induce her reliance on his pretended official act of giving his nephew to "ten days in county" (R.R. 4: State's ex. 9).[3] Accordingly, the evidence is sufficient to support his conviction.

The appellant's argument could also arguably raise a question about the meaning of the phrase "pretended official act" because that phrase could mean a false pretension about the official nature of the act the defendant actually performed, a false pretension that the act ever occurred, or both. In the instant case, the false pretension was with regard to whether the act ever occurred. Should this Court assume for the first time that the legislature intended the word "pretended" to modify only "official," and hold that only an act committed, but pretended to be official, supports conviction under the statute, then the appellant's conduct would not violate the statute.

---

[3] The appellant also represented to Teaff that he previously performed a background check in the case, which would likewise constitute an official act regulated by Chapter 411 of the Texas Government Code if performed by a prosecutor.

## V. The opinion of the Court of Appeals.

The Court of Appeals appears to have focused more on the intent-to-induce element than on the pretended official acts shown by the evidence. For example, the Court of Appeals described the appellant's argument as, *inter alia*, contesting the sufficiency of the evidence that the appellant intended Teaff "to rely on his act of falsely representing that he was an assistant district attorney." *See Cornwell*, 445 S.W.3d at 489. Similarly, the Court addressed the fact that the State was not required to prove that the appellant was successful, but only that he intended for the State to rely on his representations:

> Essentially, Cornwell argues that his false identification as a public official is insufficient to demonstrate that he intended for the assistant district attorney in Montgomery County to negotiate with him to resolve his friend's case based on the false impression he created by saying that he was an assistant district attorney. However, the State was not required to prove that the assistant district attorney in Montgomery County actually relied on his false representation about his position to act on his friend's case; instead, the State was only required to prove that Cornwell intended the assistant district attorney to do so.

*Cornwell*, 445 S.W.3d at 490-91. Relying on the appellant's act of claiming to be an assistant district attorney, the Court of Appeals opinion then concludes that the appellant's intent to influence Teaff to use her authority to resolve the pending criminal case supported the appellant's conviction:

> In Cornwell's case, the jury could have reasonably believed that Cornwell falsely represented he was an assistant district attorney because he believed that another assistant district attorney was more

11

likely to consider his requests to move the case along if she thought he held a similar official position. When viewed in the light most favorable to the evidence, the jury's conclusion that Cornwell intended to induce an assistant district attorney to use her authority to resolve an active case was reasonable. Given that an act under the Penal Code involves speech, and that the Montgomery County assistant district attorney had the ability to use her prosecutorial discretion with respect to Cornwell's friend's case, we hold the evidence supports Cornwell's conviction under the "pretended official acts" prong of section 37.11(a)(1) of the Penal Code.

*Id*. at 491. Because the mere act of claiming to be an assistant district attorney (which satisfies only the element of impersonating a public servant), even if coupled with a request for a personal favor, would not constitute a violation of section 37.11, to the extent that the opinion of the Court of Appeals could be understood to suggest otherwise, it should be clarified by this Court.

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular and the judgment of the trial court should be affirmed.

**BRETT W. LIGON**
District Attorney
Montgomery County, Texas


*/s/ Jason Larman*
**JASON LARMAN**
T.B.C. No. 24072468
Assistant District Attorney
Montgomery County, Texas
207 W. Phillips, Second Floor
Conroe, Texas 77301
936-539-7800
936-788-8395 (FAX)
jason.larman

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4**

I hereby certify that this document complies with the requirements of Tex. R. App. P. 9.4(i)(2)(B) because there are  2,819  words  in  this  document,  excluding the portions of the document excepted from the word count under Rule 9.4(i)(1), as calculated by the MS Word computer program used to prepare it.

*/s/ Jason Larman*
**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was e-mailed to counsel for the appellant on the date of the submission of the original to the Clerk of this Court.

*/s/ Jason Larman*
**JASON LARMAN**
Assistant District Attorney
Montgomery County, Texas