FILED IN
COURT OF CRIMINAL APPEALS

June 15, 2015

ABEL ACOSTA, CLERK

PD-1501-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/10/2015 3:01:20 PM
Accepted 6/15/2015 7:47:45 AM
ABEL ACOSTA
CLERK

**PD-1501-14**

### IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# ROBERT WILLIAM CORNWELL
*PETITIONER-APPELLANT*

vs.

# THE STATE OF TEXAS
*RESPONDENT-APPELLEE*

---

ON DISCRETIONARY REVIEW FROM
THE NINTH COURT OF APPEALS,
CAUSE NO. 09-13-00203-CR

APPEAL FROM THE 435TH DISTRICT COURT OF
MONTGOMERY COUNTY, CAUSE NO. 12-08-08579CR

---

# PETITIONER'S REPLY BRIEF

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Petitioner-Appellant*

# Table of Contents

Index of Authorities.............................................................................3

Reply.......................................................................................................4

    I.  Background.............................................................................. 4

    II.  The State largely agrees with Cornwell's argument................... 6

    III. The statute doesn't criminalize the conduct the State points to 7

    IV. Even if the statute did criminalize reference to a previous
    official act, Cornwell was not charged with that ............................ 10

    V.  Conclusion ................................................................................ 12

Certificate of Service ............................................................................ 14

Certificate of Compliance....................................................................... 14

# Index of Authorities

**Cases**

*Boyett v. State*, 368 S.W.2d 769, 771 (Tex. Crim. App. 1963).............. 8, 10

*Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014)............ 5

*Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) ................... 12

*Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).......................... 8

*Ex parte Niswanger*, 335 S.W.3d 611, 617 & n. 11, 618 n. 15 (Tex. Crim. App. 2011)................................................................................. 5, 8, 9

*Greene v. Massey*, 437 U.S. 19 (1978) ..................................................... 12

*Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)................. 12

*Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012)............. 11

*Tiller v. State*, 362 S.W.3d 125, 128 (Tex. App.—San Antonio 2011, pet. ref'd) ................................................................................................. 8, 9

*Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd)................................................................................................ 8, 9

*Upchurch v. State*, 703 S.W.2d 638, 641 (Tex. Crim. App. 1985)........... 11

**Statutes**

TEX. PEN. CODE § 37.11 .................................................................... 4, 9

## Reply

Cornwell complained to this Court that the court of appeals's analysis was incomplete. The State agrees. If nothing else, then, this Court should remand this case to that court to conduct the appropriate analysis.

Cornwell further urged this Court, however, that the result of the appropriate analysis was so obvious that it should simply enter a judgment of acquittal. The State advanced two arguments in response. Both are meritless.

## I. Background

Robert Cornwell telephoned Montgomery County Assistant District Attorney Kourtney Teaff and asked her to be lenient with a friend whose probation her office sought to revoke. (SX9). In so doing, Cornwell falsely averred that he, too, was an assistant district attorney, in Dallas County, and that they "were on the same team and everything and that he was just doing a friend a favor." (RR3: 13).

Cornwell was charged by indictment with, and found guilty of, impersonating a public servant. (CR: 19, 79); *see* TEX. PEN. CODE § 37.11(a)(1). On appeal, he complained that the evidence was legally in-

4

sufficient to support his conviction because there was no evidence that Cornwell intended to induce Teaff to submit to any pretended official authority, or to rely on any pretended official acts. *See id.* (requiring proof of as much). He simply asked for a favor.

The court of appeals agreed Cornwell didn't intend to induce Teaff to submit to any pretended official authority. *Cornwell v. State*, 445 S.W.3d 488 (Tex. App.—Beaumont 2014). But, as to whether he intended to induce her to rely on any pretended official acts, the court affirmed Cornwell's conviction merely because there was evidence he intended to induce Teaff to rely on his false *identification* when considering his request for the favor. *Id.*

Accordingly, in Cornwell's brief on discretionary review, he urged this Court that the court of appeals was wrong—a person commits the offense of impersonating a public servant only if he impersonates a public servant with the intent to induce another to rely on his pretended *official* acts. (Br. at 10) (citing *Ex parte Niswanger*, 335 S.W.3d 611, 617 & n. 11, 618 n. 15 (Tex. Crim. App. 2011)). Identification isn't enough. *Id.* Cornwell thus requested this Court, at the very least, to vacate the judgment of the court of appeals and remand this case to that court to

determine as much. But for all those reasons urged in Cornwell's original briefing before that court, and then elaborated upon in his briefing before this Court, Cornwell further urged that, because it is so plain that he did not act in any pretended official capacity, in the interests of judicial economy this Court should simply reverse the judgments of the courts below and enter a verdict of acquittal.

## II. The State largely agrees with Cornwell's argument

The State in response agrees that the court of appeals's opinion in this case was incomplete:

> The Court of Appeals appears to have focused more on the intent-to-induce element than on the pretended official acts shown by the evidence.… Because the mere act of claiming to be an assistant district attorney (which satisfies only the element of impersonating a public servant), even if coupled with a request for a personal favor, would not constitute a violation of section 37.11, to the extent that the opinion of the Court of Appeals could be understood to suggest otherwise, it should be clarified by this Court.

(St. Br. at 11-12). Thus, Cornwell again urges this Court that, if nothing else, it should vacate the judgment of the court of appeals and remand this case to that court to determine whether Cornwell made an pretended official acts.

6

Should this Court perform that analysis itself, however, the State further does not dispute that Cornwell's favor request was not a pretended official act. (St. Br. at 1-12). But instead of then conceding that the evidence was legally insufficient to support Cornwell's conviction, the State repeats an argument that the court of appeals saw fit to ignore: that the evidence was sufficient because, in so making that favor request, Cornwell referred to having previously made an official act—"he had previously given his nephew 'ten days in county'"—and he intended for Teaff to rely on that. (St. Br. at 8-10).

There are two glaring problems with this argument. The first is that the statute doesn't criminalize the intent to induce reliance on *reference to previous* official acts—it criminalizes the intent to induce reliance on official acts. And the second is that, even if the statute did criminalize what the State suggests, that is not what Cornwell was charged with.

## III. The statute doesn't criminalize the conduct the State points to

As to that first problem, this Court and at least two courts of appeals—San Antonio and Corpus Christi—have explicitly stated that, to be guilty of impersonating a public servant, there must be a false as-

7

sumption or pretension by a person that he is a public servant and *"overt action in an official capacity." Niswanger*, 335 S.W.3d at 617 n. 11, 618 n. 15; *Tiller v. State*, 362 S.W.3d 125, 128 (Tex. App.—San Antonio 2011, pet. ref'd); *Tovar v. State*, 777 S.W.2d 481, 489 (Tex. App.—Corpus Christi 1989, pet. ref'd) (citing *Boyett v. State*, 368 S.W.2d 769, 771 (Tex. Crim. App. 1963)). Not reference to action in this capacity—overt action in this capacity.

The State entirely ignores these opinions, but this Court shouldn't. The State has given it no reason to. *See Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007) (there is a strong preference for adhering to past decisions; however, precedent can be overruled if the reasons for doing so are weighty enough). Indeed, absent any authority for the position, the State merely offers up a doomsday hypothetical should this Court adhere to its precedent:

> Such an argument is plainly flawed, and hypothetical examples demonstrating its absurdity readily come to mind. For example, if a man went to his friend's employer, represented himself to be a city councilman, and informed the manager that the city council recently approved an increase in the minimum wage and continuing to pay employees such a pittance was a violation of city ordinance purportedly voted for by that man, that conduct would violate section 37.11 of the Texas Penal Code. Likewise, if the same man approached a stranger, identified himself as a police officer, asked the

8

stranger to move the stranger's unlawfully parked car, and supported his request with a representation that he had ticketed and towed the vehicle of another from the same spot on an earlier day, that conduct would violate section 37.11.

(St. Br. at 9-10).

As best as Cornwell can tell, the State is arguing that because these scenarios *obviously* constitute crimes, so, too, does Cornwell's. Though Cornwell is loath to litigate three cases instead of one, he must note those hypotheticals are *not* obvious crimes—the State cites to no cases where such behavior was held to be criminal. (St. Br. at 9-19). And even if those scenarios are obvious crimes, the State misunderstands why. For, if anything, each would seemingly fall under "inten[ding] to induce another to submit to… pretended official authority," not intending to induce another to rely on pretended official acts. *See* TEX. PEN. CODE § 37.11(a)(1). One way or another, Cornwell urges this Court that the State's unsupported hypotheticals are hardly justification to overrule precedent.

It remains that this Court, and at least two courts of appeals, have concluded that to be guilty of impersonating a public servant, one must pretend to make "overt action in an official capacity." *Niswanger*, 335 S.W.3d at 617 n. 11, 618 n. 15; *Tiller*, 362 S.W.3d at 128; *Tovar*, 777

9

S.W.2d at 489; *Boyett*, 368 S.W.2d at 771. And here, as the State doesn't dispute, Cornwell didn't. He impersonated a public servant and asked for a favor, making reference to a previous pretended official act. While such conduct is obviously not desirable, the legislature did not criminalize it. And, as such, on this basis, alone, this Court should reverse the judgments of the courts below and enter a verdict of acquittal.

## IV. Even if the statute did criminalize reference to a previous official act, Cornwell was not charged with that

Even if the statute did criminalize reference to a previous official act, though, Cornwell wasn't charged with that (itself an indication that that's not what the statute allows for). Cornwell's indictment alleges that Cornwell, while impersonating an assistant district attorney, intended to induce the Montgomery County assistant district attorney to "rely on the pretended official[] act[ ] of [Cornwell] by trying to resolve a pending criminal case[.]" (CR: 19).

By Cornwell's reading, this plainly identifies the pretended official act the State sought to prove: "trying to resolve a pending criminal case." (CR: 19). Just looking at the Merriam-Webster dictionary, the second (but first relevant) definition of "by" is "through or through the medium of."

10

The State urges, however, that the "by" phrase is more accurately understood to be "the manner in which [Cornwell] sought to induce Teaff." (St. Br. at 3-4). It provides no argument as for why, though, instead immediately proceeding to argue that it doesn't matter, regardless. (St. Br. at 4). Cornwell urges this Court to recognize this as indicative of the merits of the State's preliminary assertion.

As to the State's primary assertion—that it doesn't matter what was charged in the indictment—the State contends that, because a variance between the pretended official act alleged and the pretended official act proven at trial does not result in a completely different offense, any variance from the indictment immaterial. (St. Br. at 4-7). But that is only a consideration if the variance regards "non-statutory allegations." *Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012). And here, as just explained, the allegation—"by trying to resolve a pending criminal case"—is descriptive of "to rely on the pretended official[ ] act," which is legally essential to charge a crime. *See Upchurch v. State*, 703 S.W.2d 638, 641 (Tex. Crim. App. 1985) (language is "descriptive" of an element of the offense if it "define[s] the offense more narrowly, place[s] it in a specific setting, or describe[s] the method by

11

which it was committed."). Such language "must be proven as alleged, even though needlessly stated." *Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000). Accordingly, even if the penal code criminalized impersonating a public servant and merely making reference to overt action in an official capacity, the evidence was legally insufficient to support the allegation otherwise in the indictment.

## V.   Conclusion

Put simply, to be guilty of impersonating a public servant, the statute requires proof that a defendant pretended to act in that official capacity (regardless of whether that act in fact would be in his official capacity). Here, Cornwell purported to act in his personal capacity in asking Teaff this favor. That, in so doing, he lied about other official acts does not make his purported personal act an official one. Accordingly, should this Court conduct this analysis itself rather than remanding to the court of appeals, Cornwell again respectfully requests this Court to reverse the judgments of the courts below and enter a verdict of acquittal. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004); *Greene v. Massey*, 437 U.S. 19 (1978) (re-trial not permissible after reviewing court has determined evidence is insufficient).

12

Respectfully submitted,


_/s/ Bruce Anton_
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


_/s/ Brett Ordiway_
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Petitioner-Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petitioner's Reply Brief was electronically served to the Montgomery County District Attorney's Office and the State Prosecuting Attorney on June 10, 2015.


/s/ Bruce Anton
BRUCE ANTON


## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(C) because this petition contains 1,904 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


/s/ Bruce Anton
BRUCE ANTON